# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**London Division**

| | | |
|---|---|---|
| Teresa Chandler )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>Peoples Bank & Trust Co. of Hazard )<br>*Defendant* )<br>Serve: )<br>    Leon L. Hollon )<br>    524 Main St. )<br>    Hazard, KY 41701 )<br> ) | Case No. | 6:17-cv-00050-GFVT |

## FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  This is an action brought by Plaintiff Teresa Chandler against Defendant Peoples Bank & Trust Co. of Hazard for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and for breach of contract.

### JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FCRA § 1681p, and 28 U.S.C. § 2201. Plaintiff Teresa Chandler asks the Court to take supplemental jurisdiction over her Kentucky state contract claim which arises out of the same facts as her federal claims pursuant to 28 U.S.C. § 1367.

### PARTIES

3.  Plaintiff Teresa Chandler is a natural person who resides in Perry County, Ky. and is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.  Defendant Peoples Bank & Trust Co. of Hazard ("Peoples Bank") is a Kentucky

banking corporation and is a furnisher of credit information within the meaning of the FCRA.

## STATEMENT OF FACTS

5. On May 7, 2012, Ms. Chandler and her husband Jerry Chandler entered into a Promissory Note with Peoples Bank, which note was secured by the Chandlers' mobile home.

6. A true and accurate copy of the Promissory Note secured by the Chandlers' mobile home is included in Peoples Bank's Proof of Claim attached as Exhibit "A."

7. The May 7th Promissory Note was for a principal balance of $9,882.37 at 11.00% interest to be paid off in 47 regular payments of $136.19 each, with a final last payment estimated at $7,288.83.

8. Under the terms of the Promissory Note, the first payment of $136.19 was due on June 7, 2012, with the remaining payments due on the 7th of each month thereafter until paid in full.

9. On July 30, 2013, the Chandlers filed for Chapter 7 Bankruptcy relief in the U.S. Bankruptcy Court for the Eastern District of Kentucky under Case No. 13-60978 (the "Bankruptcy Case").

10. When the Chandlers filed their Chapter 7 Bankruptcy, they had not paid the $136.19 regular payment due on July 7, 2013.

11. On August 8, 2013, the Chandlers made a payment of $136.19 on the Promissory Note to Peoples Bank.

12. On August 9, 2013, Peoples Bank filed a Proof of Claim in the Chandlers' bankruptcy case concerning the Promissory Note secured by the Chandlers' mobile home.

13. Peoples Bank's Proof of Claim set forth the following information:
- the "Amount of Secured Claim" was $9,260.38;
- the "Amount of arrearages and other charges, as of the time case was filed, *included in secured claim*…" was $177.05 (emphasis added);
- the "Due date" for the next payment was July 7, 2013;
- the "Days late" for the next payment due was 28;
- the "Amount past due" was $177.05; and
- the "Daily interest (Per Diem)" was $2.790799.

14. Peoples Bank's Proof of Claim on the Promissory Note secured by the Chandlers' mobile home was based on account information generated by Peoples Bank on August 5, 2013.

15. Consequently, Peoples Bank's Proof of Claim did not include the Chandlers' August 8, 2013 payment of $16.19.

16. Rather, the missed payment of $136.19 due on July 7, 2013 was included in the arrearage amount of $177.50, which was included in the Proof of Claim amount of $9,260.38.

17. As part of the Bankruptcy Case, Ms. Chandler reaffirmed two debts with Peoples Bank, one of which was secured by a mobile home and the other secured by a vehicle. A true and accurate copy of the Reaffirmation Agreement for the Promissory Note secured by the Chandlers' mobile home is attached as Exhibit "B."

18. The Reaffirmation Agreement, prepared by Peoples Bank and signed by Ms. Chandler and her husband, stated that the $9,355.02 was the "Amount of the debt subject to this reaffirmation agreement."

19. So, the amount reaffirmed under the Reaffirmation Agreement was $94.64 more than was set forth in Peoples Bank's Proof of Claim on the same debt.

20. Therefore, the amount reaffirmed under the Reaffirmation Agreement necessarily included the $136.19 for the missed payment on July 7, 2013. That is, the Reaffirmation Agreement capitalized the missed $136.19 payment for July 7, 2013.

21. The "Reaffirmation Agreement Repayment Terms" were "$136.19 per month for 34 months *starting on 8-7-13* with all remaining principal and interest due [at] maturity." (Emphasis added).

22. The Chandlers made the first payment of $136.19 due under the Reaffirmation Agreement payment on August 8, 2013.

23. A loan history by Peoples Bank clearly shows that this payment was made and the Chandlers' payment of same is not in dispute:

| Date | Code | Description | Amount | Balance | | Ref |
|---|---|---|---|---|---|---|
| 8/19/2013 | 78 | Late Charge Debit | $6.81 | $9,208.23 | $6.81 / $0.00 | 0/0/474 System |
| 8/8/2013 | 77 | Payment - Collect billed | $136.19 | $9,208.23 | $52.15 / $84.04  July | 1/0/770 POD |
| 7/17/2013 | 78 | Late Charge Debit | $6.81 | $9,260.38 | $6.81 / $0.00 | 0/0/386 System |

24. A true and accurate redacted copy of the Peoples Bank loan history for the Promissory Note secured by the Chandlers' mobile home is attached as Exhibit "C."

-3-

25. Peoples Bank erroneously applied the Chandler's first payment Reaffirmation Agreement toward the July 7, 2013 missed prepetition debt.

26. This was error because the missed July 7, 2013 payment of $136.19 was included in the amount reaffirmed in the Reaffirmation Agreement. That is, because the July 7th missed payment was capitalized in the amount due under the Reaffirmation Agreement, no payment was or could be due for the missed prepetition payment on July 7, 2013. This was also error because the Reaffirmation Agreement clearly and plainly called for the first payment due under the Reaffirmation Agreement started on August 7, 2013.

27. Peoples Bank's misapplication of the Chandlers' August 8th payment violated the plain terms of the Reaffirmation Agreement.

28. As a result of Peoples Bank's misapplication of the Chandlers' payment, Peoples Bank reported to one or more Consumer Reporting Agencies (CRA's) that Ms. Chandler was 30 days late in making her August 2013 payment. Additionally, Peoples Bank erroneously charged Ms. Chandler a $6.81 late fee on payment timely made.

29. According to the Credit Reporting Resource Guide ("CRRG"),[1] a 30-day late entry on a consumer credit report is used when an account is between 30-59 days past due as marked from the payment due date. CRRG at 2-2 (2011 ed.).

30. Peoples Bank never corrected its error.

31. Peoples Bank's error thereafter compounded into additional errors of her credit history on the loan.

32. Following her August 8th payment, Ms. Chandler made her next regular payment to Peoples Bank on October 3, 2013:

| Date | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10/17/2013 | 78 Late Charge Debit | $6.81 | | $9,158.53 | $6.81 $0.00 | | 0/0/367 System |
| 10/3/2013 | 77 Payment - Collect billed | | $136.19 | $9,158.53 | $49.70 $86.49 | August | 1/0/660 POD |
| 9/17/2013 | 78 Late Charge Debit | $6.81 | | $9,208.23 | $6.81 $0.00 | | 0/0/392 System |

Exhibit "C."

---

[1] "The Credit Reporting Resource Guide (CRRG) was created by the Consumer Data Industry Association (CDIA) to assist data furnishers with reporting credit information to the credit reporting companies. The CRRG contains detailed information regarding the Metro 2 format," which "is the industry standard file format for reporting consumer credit information." https://www.transunion.com/data-reporting/data-reporting-faqs (visited May 3, 2017).

33. Again in error, Peoples Bank applied the Chandlers' October 3rd payment to the August 7, 2013 payment. Peoples Bank should have applied the October 3, 2013 payment to the September 7, 2013 payment.

34. Consequently, the Chandlers were no more than 27 days late in making the September 7, 2013 payment.

35. Yet again, Peoples Bank erroneously reported to the CRA's that Ms. Chandler was 30 days late on the mobile-home loan in September 2013 even though, as shown *supra* Ms. Chandler was less than the 30 days late in making the September 7, 2013 payment.

36. The Chandlers paid the October 7, 2013 payment on October 31, 2013, which was no more than 24-days late:

| 10/31/2013 | 77 Payment - Collect billed | | $136.19 | $9,108.38 | $50.15 $86.04 | September | 1/0/1290 POD |

*Id.*

37. Peoples Bank erroneously applied the Chandlers' October 31st payment to the September 7, 2013 payment.

38. Due to her confusion over as to payments made, Ms. Chandler missed the November 2013 payment on the mobile-home loan. Even so as of November 2013, Ms. Chandler was at most 30 days late but because of its initial error in the loan history, Peoples Bank incorrectly reported to the CRA's that Ms. Chandler was 60 days late in October 2013 even though, as shown *supra*, she was less 30-days late as of October 2013.

39. The Chandlers made the next payment on December 30, 2013.

| 12/30/2013 | 77 Payment - Collect billed | | $136.19 | $9,055.44 | $52.94 $83.25 | October | |
| 12/17/2013 | 78 Late Charge Debit | $6.81 | | $9,108.38 | $6.81 $0.00 | | |
| 11/18/2013 | 78 Late Charge Debit | $6.81 | | $9,108.38 | $6.81 $0.00 | | |

*Id.*

40. Peoples Bank erroneously applied the December 30th payment to the October 7, 2013 payment even though it should have applied it to the November 7, 2013 missed payment.

41. Because of its initial error in the loan history, Peoples Bank reported to the CRA's that Ms. Chandler was 90 days late in November 2013 even though, as shown above, she was at most 53 days late as of November 2013. Thus, Peoples Bank should have reported that she 30-

-5-

33. Again in error, Peoples Bank applied the Chandlers' October 3rd payment to the August 7, 2013 payment. Peoples Bank should have applied the October 3, 2013 payment to the September 7, 2013 payment.

34. Consequently, the Chandlers were no more than 27 days late in making the September 7, 2013 payment.

35. Yet again, Peoples Bank erroneously reported to the CRA's that Ms. Chandler was 30 days late on the mobile-home loan in September 2013 even though, as shown *supra* Ms. Chandler was less than the 30 days late in making the September 7, 2013 payment.

36. The Chandlers paid the October 7, 2013 payment on October 31, 2013, which was no more than 24-days late:

| 10/31/2013 | 77 Payment - Collect billed | | $136.19 | $9,108.38 | $50.15 $86.04 | September | 1/0/1290 POD |

*Id.*

37. Peoples Bank erroneously applied the Chandlers' October 31st payment to the September 7, 2013 payment.

38. Due to her confusion over as to payments made, Ms. Chandler missed the November 2013 payment on the mobile-home loan. Even so as of November 2013, Ms. Chandler was at most 30 days late but because of its initial error in the loan history, Peoples Bank incorrectly reported to the CRA's that Ms. Chandler was 60 days late in October 2013 even though, as shown *supra*, she was less 30-days late as of October 2013.

39. The Chandlers made the next payment on December 30, 2013.

| 12/30/2013 | 77 Payment - Collect billed | | $136.19 | $9,055.44 | $52.94 $83.25 | October | |
| 12/17/2013 | 78 Late Charge Debit | $6.81 | | $9,108.38 | $6.81 $0.00 | | |
| 11/18/2013 | 78 Late Charge Debit | $6.81 | | $9,108.38 | $6.81 $0.00 | | |

*Id.*

40. Peoples Bank erroneously applied the December 30th payment to the October 7, 2013 payment even though it should have applied it to the November 7, 2013 missed payment.

41. Because of its initial error in the loan history, Peoples Bank reported to the CRA's that Ms. Chandler was 90 days late in November 2013 even though, as shown above, she was at most 53 days late as of November 2013. Thus, Peoples Bank should have reported that she 30-

days late, not 90-days late

42. Due to her continuing confusion caused by Peoples Bank's errors, Ms. Chandler missed her January 7, 2014 payment but then made three payments in February 2014.

| Post Date Eff Date | Transaction Code | Debits | Credits | Balance Escrow Balance | Principal Amount Interest Amount | Description |
|---|---|---|---|---|---|---|
| 2/14/2014 | 77 Payment - Collect billed | | $136.19 | $9,004.75 | $50.69 $85.50 | November |

*Id.*

43. Peoples Bank erroneously applied the first February 2014 payment to the November 7, 2013 payment. As shown *supra*, Ms. Chandler was current through November 2013 after making a payment on December 30, 2013. Peoples Bank should have applied the first February 2014 payment to the December 7, 2013 payment.

44. The Chandlers made the second and third February 2014 payments on February 25, 2014.

| Post Date | Transaction Code | Debits | Credits | Balance Escrow Balance | Principal Amount Interest Amount | Description |
|---|---|---|---|---|---|---|
| 2/25/2014 | 83 Interest only Payment | | $150.00 | $8,950.80 | $0.00 $150.00 | January 1/0/240 POD |
| 2/25/2014 | 77 Payment - Collect billed | | $136.19 | $8,950.80 | $53.95 $82.24 | December 1/0/250 POD |
| 2/18/2014 | 78 Late Charge Debit | $6.81 | | $9,004.75 | $6.81 $0.00 | 0/0/394 System |

*Id.*

45. Peoples Bank erroneously applied the second February 2014 payment to the December 7, 2013 payment even though, as shown *supra*, as of February 25, 2014 Ms. Chandler was current through December 2013 and therefore Peoples Bank should have applied the second February 2014 payment to the January 7, 2014 payment.

46. Peoples Bank erroneously applied the third February 2014 payment to the January 7, 2014 payment even though, as shown above, as of February 25, 2014, Ms. Chandler was current through January 2014. Peoples Bank should have applied the third February 2014 payment to the February 7. 2014 payment.

47. So as of February 2014, Ms. Chandler was current on her mobile-home loan payments to Peoples Bank.

48. The Chandlers made their next payment on March 6, 2014.

| Post Date | Transaction Code | Debits | Credits | Balance | Principal Amount Interest Amount | Description |
|---|---|---|---|---|---|---|
| 3/17/2014 | 78 Late Charge Debit | $6.81 | | $8,885.27 | $6.81 $0.00 | |
| 3/6/2014 | 77 Payment - Collect billed | | $136.19 | $8,885.27 | $65.53 $70.66 | February |

*Id.*

49. Peoples Bank erroneously applied the March 6, 2014 payment to the February 2014 payment. Further, Peoples Bank charged the Chandlers an unjustified late fee of $6.81.

50. Because of its initial error in the loan history, Peoples Bank reported to the CRA's that Ms. Chandler was 30 days late in March 2014. As shown above, Ms. Chandler was current in March 2014.

51. Thereafter, the Chandlers did not miss any payments to Peoples Bank on the mobile-home loan.

52. Despite the fact that Ms. Chandler was current in her payments from March 2014 forward, Peoples Bank reported to the CRA's that Ms. Chandler was 30 days late from March 2013 through June 2016. *Id.*

53. Peoples Bank imposed 26 additional late fees of $6.81 totaling $177.06, which imposition of late fees she did not owe for payments that Ms. Chandler did not miss was a breach of the reaffirmation agreement.

54. In addition to misreporting the mobile-home loan history to the CRA's and charging her unjustified late fees, Peoples Bank constantly harassed Ms. Chandler with collection calls, threats, and "visits" to her property which harassment caused her great emotional distress, anxiety, and mental distress.

55. After paying off the mobile home loan in full, Ms. Chandler began monitoring her credit and continued her efforts to correct her credit report by hiring a professional to help them improve their credit.

56. In March of 2016, Ms. Chandler and her husband sent multiple dispute letters to the three major CRA's, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"). Mr. and Ms. Chandler also sent dispute letters directly to Peoples Bank which dispute letters directly challenged and disputed the accuracy of the loan history of the mobile-home loan payments appearing on her credit reports.

57. Experian, Equifax, and Trans Union all sent or should have sent Peoples Bank notice of Ms. Chandler's disputes, which thereby triggered Peoples Bank's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the mobile-home loan history.

58. Peoples Bank failed to conduct a reasonable investigation into Ms. Chandler's disputes concerning the negative credit information Peoples Bank was furnishing about Ms.

Chandler and the mobile-home loan history.

59. Peoples Bank falsely verified the accuracy of the disputed negative credit information to one or more consumer reporting agencies.

60. Because Peoples Bank failed to conduct a reasonable investigation of Ms. Chandler's dispute, Ms. Chandler suffered actual damages in the form of a lowered credit score, denial of credit, and fees and costs associated with attempting to correct Peoples Bank's error.

61. Peoples Bank violated the FCRA by failing to conduct a reasonable investigation of Ms. Chandler's dispute after receiving notice of the dispute from one or more consumer reporting agencies.

62. Peoples Bank breached the reaffirmation agreement by failing to properly credit Ms. Chandler for payments made, by misreporting that Ms. Chandler was behind in her payments on the mobile home, by imposing unjustified late fees, and by continually attempting to collect payments from Ms. Chandler that were not due or owing.

## CLAIMS FOR RELIEF

I. **Violations of the FCRA**

63. Ms. Chandler restates and re-allege the allegations as set out in paragraphs 1 through 51 and state that the foregoing acts and omissions of Peoples Bank as alleged violate the FCRA.

    i. **Violations of 15 U.S.C. § 1681n**

64. After being notified by Equifax, Experian, and/or Trans Union that Ms. Chandler disputed the accuracy of the credit information it was furnishing concerning Ms. Chandler and the mobile-home loan payment history which disputes put Peoples Bank on notice that Peoples Bank was furnishing false negative credit information about Ms. Chandler and the mobile-home loan payment history.

65. Peoples Bank willfully failed to conduct a proper investigation of Ms. Chandler's disputes filed with Equifax, Experian, and/or Trans Union.

66. Peoples Bank willfully failed to review and/or furnish all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to Peoples Bank in conducting its investigation of Plaintiffs' disputes as required by 15 U.S.C. § 1681s-2(b)(B).

67. Peoples Bank willfully failed to direct Equifax, Experian, and/or Trans Union to delete inaccurate information about Plaintiffs pertaining to the mobile-home loan payment history as required by 15 U.S.C. § 1681s-2(b)(C).

68. Ms. Chandler has a private right of action to assert claims against Peoples Bank arising under 15 U.S.C. § 1681s-2(b).

69. Peoples Bank is liable to Ms. Chandler for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of damages for the mental and emotional distress and harassment caused and inflicted by Peoples Bank, and punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, which she may recover pursuant to 15 U.S.C. § 1681n.

### ii. Violation of 15 U.S.C. § 1681o

70. After being notified by Equifax, Experian, and/or Trans Union that Ms. Chandler disputed the accuracy of the information it was furnishing concerning Ms. Chandler and the mobile-home loan history, Peoples Bank negligently and/or willfully failed to conduct a proper investigation of Ms. Chandler's disputes, filed with Equifax, Experian, and/or Trans Union, that Peoples Bank was furnishing false negative credit information about Ms. Chandler and the mobile-home loan payment history.

71. Peoples Bank negligently and/or willfully failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to Peoples Bank in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

72. Peoples Bank negligently and/or willfully failed to direct Equifax, Experian, and/or Trans Union to delete inaccurate information about Ms. Chandler pertaining to the mobile-home loan payment history and furnished by Peoples Bank as required by 15 U.S.C. § 1681s-2(b)(C).

73. Ms. Chandler have a private right of action to assert claims against Peoples Bank arising under 15 U.S.C. § 1681s-2(b).

74. Peoples Bank is liable to Ms. Chandler for the actual damages she has sustained by reason of its negligent and/or willful violation of the FCRA, in an amount to be determined by the trier of fact, with an award of damages for the mental and emotional distress and harassment caused and inflicted by Peoples Bank as well as her reasonable attorney's fees, and she may recover

therefore pursuant to 15 U.S.C. § 1681o.

## II. Breach of Contract

75. Ms. Chandler restates and re-alleges the allegations as set out in paragraphs 1 through 62.

76. Peoples Bank breached the reaffirmation agreement by failing to properly credit Ms. Chandler for payments made, by misreporting that Ms. Chandler was behind in her payments on the mobile home, by imposing unjustified late fees, and by continually attempting to collect payments from Ms. Chandler that were not due or owing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Teresa Chandler requests that the Court grant her the following relief:

1. Award Plaintiff maximum statutory damages pursuant to the FCRA;

2. Award Plaintiff actual damages;

3. Award Plaintiff punitive damages pursuant to the FCRA;

4. Award Plaintiff reasonable attorney's fees and costs;

5. A trial by jury; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com

        James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com